IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **JESSE RUBEN RODRIGUEZ**     )<br>            )<br>       Plaintiff,     )<br>            )<br>       vs.        )<br>            )<br>**JOSEPH ARPAIO,**          )<br>            )<br>       Defendant.    )<br>_____) | CIV 06-02224 PHX JAT MEA<br><br>REPORT AND RECOMMENDATION<br>FOR DISMISSAL WITHOUT PREJUDICE |

**TO THE HONORABLE JAMES A. TEILBORG:**

        Plaintiff filed his complaint on September 18, 2006. On October 4, 2006, the Court ordered Plaintiff to complete and return a service packet for Defendant to the Court by October 24, 2006. That order warned Plaintiff that his failure to timely comply with the provisions of the order would result in the dismissal of the complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

        Plaintiff was also warned that his failure to acquire a waiver of service from Defendant or to complete service of process on Defendant within 120 days of the date the service order was filed, that is, by January 15, 2007, would result in the dismissal of the complaint pursuant to Rule 4(m), Federal Rules of Civil Procedure, and Rule 16.2(b)(2)(B), of the United States District Court for the District of Arizona Local Rules of

Civil Procedure. The civil docket in this matter indicates that Plaintiff has failed to return service packets to the Court, or acquire a waiver of service from Defendant or to complete service of process on Defendant.

On January 16, 2007, the Court allowed Plaintiff until February 9, 2007, to show cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's order of October 4, 2006, and Plaintiff's failure to effect service of process on Defendants as required by the Court's order of October 4, 2006, and Rule 4, Federal Rules of Civil Procedure. Plaintiff has failed to show cause for his failure to abide by the Court's orders and to effect service of process on Defendant. The Order to Show Cause sent to Plaintiff at his last known address was returned as undeliverable.

Rule 3.4, Local Rules of Civil Procedure for the United States District Court for the District of Arizona requires prisoner-litigants to comply with instructions attached to the Court-approved complaint form for use in section 1983 actions. Those instructions provide: "You must immediately notify the clerk ... in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case."

Plaintiff has a general duty to prosecute this case. Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his current address and to comply with the Court's orders in a timely fashion. This Court does not have an

affirmative obligation to locate Plaintiff.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."  Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action."  In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party.  Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing.  Id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the

1 fourth factor cuts against a default or dismissal sanction.
2 Thus the key factors are prejudice and availability of lesser
3 sanctions." <u>Wanderer v. Johnson</u>, 910 F.2d 652, 656 (9th Cir.
4 1990).

5       Here, the first, second, and third factors favor
6 dismissal of this case.  Plaintiff's failure to keep the Court
7 informed of his address prevents the case from proceeding in the
8 foreseeable future.  The fourth factor, as always, weighs
9 against dismissal.  The fifth factor requires the Court to
10 consider whether a less drastic alternative is available.
11 Without Plaintiff's current address, however, certain
12 alternatives are bound to be futile.  Here, as in <u>Carey</u>, "[a]n
13 order to show cause why dismissal is not warranted or an order
14 imposing sanctions would only find itself taking a round trip
15 tour through the United States mail."  856 F.2d at 1441.

16       The Court finds that only one less drastic sanction
17 is realistically available.  Rule 41(b) provides that a
18 dismissal for failure to prosecute operates as an adjudication
19 upon the merits "[u]nless the court in its order for dismissal
20 otherwise specifies."  In the instant case, the Court finds that
21 a dismissal with prejudice would be unnecessarily harsh.  The
22 Complaint and this action should therefore be dismissed without
23 prejudice pursuant to Rule 41(b) of the Federal Rules of Civil
24 Procedure.

25       **IT IS THEREFORE RECOMMENDED** that, pursuant to Rule
26 41(b) and Rule 4(m), Federal Rules of Civil Procedure, this
27 action be dismissed without prejudice.

28

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir.). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 14th day of February, 2007.

_____
Mark E. Aspey
United States Magistrate Judge